Gregory A. Nahas, Esq.
PARDALIS & NOHAVICKA, LLP
950 Third Avenue, 25th Floor
New York, New York 10022
Tel. (212) 213-8511
Fax. (347) 897-0094
Greg@pnlawyers.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
DANIEL RETTER, individually, and on behalf of all others similarly situated,

                 Plaintiff,

  v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

                 Defendant.
---------------------------------------------------------------------X

Case No.: 1:20-cv-8495

**CLASS ACTION COMPLAINT**

Plaintiff Daniel Retter ("Mr. Retter" or "Plaintiff"), by and through his attorneys, Pardalis & Nohavicka, LLP, brings this putative class action on behalf of himself and all other similarly situated persons (collectively, "Class") against Defendant Bolivarian Republic of Venezuela ("Republic" or "Defendant"), and alleges, with personal knowledge as to his own actions and upon information and belief as to those of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this putative class action against Defendant seeking damages sustained as a direct and proximate result of Defendant's breach of contract in connection with Defendant's failure to pay Plaintiff and Class members outstanding principal and accrued interest currently due and owing on bonds issued by Defendant and held by Plaintiff and Class members. Plaintiff and putative Class members have been, and continue to be, injured by Defendant's actions.

2.      Plaintiff is one (1) of thousands of individuals who hold bonds issued by Defendant pursuant to a Fiscal Agency Agreement dated July 25, 2001, as amended by Amendment No. 1 on September 19, 2003, Amendment No. 2 on March 25, 2005, and Amendment No. 3 on December 17, 2007 (collectively, "FAA"). *See* Exhibit A.

3.      Pursuant to the FAA and bonds' prospectus contract, Defendant was to pay Plaintiff and Class members interest on the bonds semiannually at a fixed rate, as well as outstanding principal due on the bonds in full on the bonds' maturity date.

4.      In breach of the FAA and bonds' prospectus contract, Defendant failed to make principal, interest and/or other payments on the bonds to Plaintiff and Class members.

5.      As a direct and proximate result of Defendant's actions, Plaintiff and Class members were caused to suffer and continue to suffer damages.

6.      Plaintiff seeks damages and equitable remedies for himself and members of the putative Class, of which Plaintiff is a member. Identified definitively below, the putative Class includes individuals who hold one (1) or more bonds issued by Defendant and did not receive all interest and principal payments due pursuant to the FAA and/or the bonds' prospectus from October 12, 2014, to the present and continuing.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) because Defendant is a foreign state, as defined pursuant to 28 U.S.C. § 1603(a), that is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement. Pursuant to 28 U.S.C. § 1605(a)(1), Defendant is not entitled to immunity because it has explicitly waived its immunity in this action pursuant to the FAA. Pursuant to 28 U.S.C. § 1605(a)(2), Defendant is not entitled to immunity because this action concerns commercial activity carried on and performed by Defendant in the United States.

8. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, to a reasonable probability; and (iii) there is minimal diversity because Plaintiff is a citizen of a state different from Defendant.

9. The Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1330(b) because the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330(a) and Plaintiff shall effect service of process pursuant to 28 U.S.C. § 1608(a)(1). Pursuant to the FAA, Defendant has appointed the Consul General of Defendant, or in the Consul General's absence or incapacity, any official of the Consulate of Defendant, located at 7 East 51st Street, New York, New York 10022, as its authorized agent to accept service of process of this action.

10. The Court also has personal jurisdiction over Defendant because Defendant regularly conducts business throughout the United States and the State of New York and has consented and submitted to the Court's jurisdiction over it in this action pursuant to the FAA.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(1) because Defendant is a foreign state, as defined pursuant to 28 U.S.C. § 1603(a), and a substantial amount of the events or omissions giving rise to this action occurred in this District.

12. Venue is also proper in this District because Defendant regularly conducts business throughout the United States and this District and has consented to the venue of this action in this District pursuant to the FAA.

**PARTIES**

13. Plaintiff is a citizen of the State of New York and a resident of Bronx County.

14. Defendant is a foreign state as defined pursuant to 28 U.S.C. § 1603(a).

**STATEMENT OF FACTS**

15. On or about May 5, 2017, Plaintiff purchased Venezuela Government International Bonds, Security No.: P97475AN0 ("Bonds").

16. The Bonds were issued by Defendant with Deutsche Bank Trust Company Americas, formerly Bankers Trust Company, acting as fiscal agent ("Fiscal Agent").

17. The Bonds have a total par value of $180,000.

18. The Bonds have a coupon rate of 7.75% per annum.

19. The Bonds matured on October 13, 2019.

20. The Bonds were issued pursuant to and are governed by the FAA.

21. Pursuant to the FAA and the Bonds' prospectus, *see* Exhibit B, Defendant was to pay Plaintiff interest semiannually on October 13 and April 13 of each year, from the issue date of October 13, 2009, at the rate of 7.750% per annum.

22. In breach of the FAA and prospectus contract, Defendant and the Fiscal Agent have at all times failed to make any payments on the Bonds to Plaintiff, principal, interest or otherwise.

23. On or about September 30, 2020, Plaintiff mailed a notice of default and demand for payment to Defendant for the principal and all interest accrued on the Bonds from October 13, 2009, said principal and interest being currently due and owing. *See* Exhibit C.

24. On or about October 8, 2020, Plaintiff mailed a second notice of default and demand for payment to Defendant and the Fiscal Agent for the principal and all interest accrued on the Bonds from October 13, 2009, said principal and interest being currently due and owing. *See* Exhibit D.

25. At all times, Defendant and the Fiscal Agent have failed to respond to Plaintiff's demands for payment.

26. As a direct and proximate result of Defendant's actions, Plaintiff was caused to suffer and continues to suffer damages.

## CLASS ALLEGATIONS

27. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

28. Plaintiff brings this action on behalf of himself and on behalf of the following Classes pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and/or 23(b)(3):

> **National Class:** All persons in the United States who hold one (1) or more bonds issued by Defendant and did not receive all interest and principal payments due pursuant to the FAA and/or the bonds' prospectus from October 12, 2014, to the present and continuing.
>
> **New York Subclass:** All persons in New York who hold one (1) or more bonds issued by Defendant and did not receive all interest and principal payments due pursuant to the FAA and/or the bonds' prospectus from October 12, 2014, to the present and continuing.

29. Excluded from the Class is Defendant, its governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel.

30. Plaintiff reserves the right and respectfully requests the opportunity to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

31. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

32. Plaintiff does not know the exact size of the proposed Class. However, Plaintiff believes that the Class encompasses thousands of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that

joinder of all members is impracticable.

33. The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendant as it issued the bonds held by Plaintiff and the proposed Class. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

34. There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and Class members arise from the common nucleus of operative facts surrounding Defendant's misconduct. The common questions include, but are not limited to:

   a. Whether, pursuant to the FAA and prospectus contract, Defendant was required to pay Plaintiff and Class members principal and/or interest on bonds issued by Defendant and held by Plaintiff and Class members;
   b. Whether Defendant failed to pay Plaintiff and Class members all principal and/or interest due on the bonds pursuant to the FAA and prospectus contract;
   c. Whether Defendant's conduct constitutes a breach of the FAA and prospectus contract;
   d. Whether, as a result of Defendant's conduct, Plaintiff and Class members have suffered an ascertainable loss of money and/or property and/or value; and
   a. Whether Plaintiff and Class members are entitled to monetary damages and/or injunctive relief and/or declaratory relief and/or other remedies and, if so, the nature of any such relief.

35. Plaintiff's claims are typical of the claims of the Class since each Class member was subject to the same wrongful practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

36. Plaintiff is committed to the vigorous prosecution of the Class' claims. Plaintiff will fairly and adequately represent the interests of the Class. No conflict of interest exists

between the representative and the Class members or with respect to the claims for relief requested.

37. The representative and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this Complaint so as to be able to assist in its prosecution. The representative's attorneys are competent in the relevant areas of the law, have sufficient experience to vigorously represent the Class and have the resources to ensure that this litigation will not be hampered by a lack of financial capacity.

38. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. A class action regarding the issues in this case does not create any problems of manageability. The class action device presents far fewer management difficulties than alternative methods of adjudication, and provides the benefit of single adjudication, economy of scale and comprehensive supervision by a single court.

39. The Class may also be certified because:

   a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

   b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications or substantially impair or impede the ability to protect their interests; and

   c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory and relief with respect to the members of the Class as a whole.

## COUNT I
## BREACH OF CONTRACT

40. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

41. Plaintiff and Class members purchased Venezuela Government International Bonds for good and valuable consideration.

42. The bonds were issued by Defendant pursuant to the FAA.

43. There exists a valid, binding and enforceable contract between Plaintiff and Class members, as the holders of bonds, and Defendant, as the issuer of the bonds.

44. Pursuant to the FAA and the bonds' prospectus contract, Defendant and/or the Fiscal Agent was to pay Plaintiff and Class members interest on the bonds semiannually at a fixed rate.

45. Pursuant to the FAA and the bonds' prospectus contract, Defendant and/or the Fiscal Agent was to pay Plaintiff and Class members the principal due on the bonds in full on the bonds' maturity date.

46. In breach of the FAA and bonds' prospectus contract, Defendant and the Fiscal Agent have failed to make principal, interest and/or other payments on the bonds to Plaintiff and Class members.

47. Plaintiff and Class members have mailed notices of default and demands for payment to Defendant and the Fiscal Agent for all outstanding principal and accrued interest currently due and owing on the bonds.

48. At all times, Defendant and the Fiscal Agent have failed to respond to Plaintiff's and Class members' demands for payment.

49. As a direct and proximate result of Defendant's actions, Plaintiff and Class members were caused to suffer and continue to suffer damages.

50. As a result of Defendant's and its agents' wrongful conduct, Plaintiff and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests relief against Defendant as set forth below:

   a. An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

   b. Notice to the Class of this action;

   c. An injunction against Defendant prohibiting Defendant from engaging in such continued wrongful practices, policies and patterns as set forth herein;

   d. Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

   e. Pre-judgment and post-judgment interest as provided by law;

   f. Reasonable attorneys' fees, costs and disbursements; and

   g. Such other and further relief that the Court deems just and proper.

Dated: New York, New York
October 12, 2020

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

*/s/ Gregory A. Nahas*
Gregory A. Nahas, Esq.
950 Third Avenue, 25th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Greg@pnlawyers.com
*Counsel for Plaintiff*