

March 2, 2023

**VIA ELECTRONIC CASE FILING**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Daniel Retter* v. *Bolivarian Republic of Venezuela*
Case No.: 1:20-cv-08495 (JPC)

Dear Judge Cronan:

The undersigned represents the Plaintiff in the above-referenced matter. I write pursuant to the Court's directive to provide case law as to whether notice of Plaintiff's anticipated motion for default judgment may be sent to the Defendant via mail to its last known business address, or whether Defendant must be served pursuant to the Foreign Sovereign Immunities Act ("FSIA").

The Second Circuit has held that where a defendant has failed to appear in an action, as is the case here, Rule 55(b)(2) of the Federal Rules of Civil Procedure does not require the plaintiff to provide the defendant with any notice of its motion for default judgment. *See New York* v. *Green*, 420 F.3d 99, 105 (2d Cir. 2005) ("By its terms, Rule 55(b)(2) requires advance written notice only if the party against whom a default judgment is sought has appeared in the action.") (internal quotation marks and citation omitted).

However, Rule 55.2(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 55.2(c)") provides that "[u]nless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." (emphasis added). The Committee Note to Local Rule 55.2(c) further provides that "[a]lthough Fed. R. Civ. P. 55(b) does not require service of notice of an application for a default judgment upon a party who has not appeared in the action, the Committee believes that experience has shown that mailing notice of such an application is conducive to both fairness and

950 THIRD AVENUE, 11TH FLOOR, NEW YORK, NY 10022 | 35-10 BROADWAY, SUITE 201, ASTORIA, NY 11106
P: 212.213.8511 | F: 347.897.0094 | Jdn@pnlawyers.com | www.pnlawyers.com

efficiency, and has therefore recommended a new Local Civil Rule 55.2(c) providing for such mailing." (emphasis added).

Both Courts for the Southern and Eastern Districts of New York have held that the mailing of notice of a motion for default judgment is sufficient for the purposes of Local Rule 55.2(c). *See Saheed* v. *Parker*, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) ("Under Local Rule 55.2(c), all papers submitted to the Court in support of a motion for a default judgment must simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)." (internal quotation marks omitted); *Miss Jones, LLC* v. *Viera*, 2019 WL 926670, at *3 (E.D.N.Y. Feb. 5, 2019) ("The relevant rule in this case is Local Rule 55.2(c), which requires a motion for default judgment and supporting papers to be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)." (internal quotation marks and citation omitted).

Accordingly, Plaintiff respectfully submits that notice of Plaintiff's anticipated motion for default judgment may be sent to the Defendant via mail to its last known business address located at the Embassy of the Bolivarian Republic of Venezuela, 1099 30th Street NW # 2, Washington, DC 20007. This is the same address where the United States Department of State effectuated service of process on the Defendant via diplomatic note pursuant to Section 1608(a)(4) of the FSIA. (DE 42). As a practical matter, requiring Plaintiff to serve notice of Plaintiff's anticipated motion for default judgment on the Defendant pursuant to the FSIA would cause Plaintiff to incur a significant fee in the amount of $2,275 pursuant to 22 C.F.R. 22.1(51), plus additional costs for the translation of all documents into Spanish. Plaintiff also respectfully submits that Local Rule 55.2(c) only requires the simultaneous mailing of all filed papers to the Defendant, and does not require the translation of all documents into Spanish.

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

/s/ *Joseph* D. Nohavicka
Joseph D. Nohavicka, Esq. (JN2758)
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
Jdn@pnlawyers.com
*Attorneys for Plaintiff*