**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

DANIEL RETTER, as trustee on behalf of the LAW           Civil Case No.:
OFFICES OF DANIEL RETTER PC RETIREMENT                   1:20-cv-08495 (JPC)
TRUST, individually, and on behalf of all others similarly
situated,                                                Hon. John P. Cronan

                 Plaintiff,

          v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

                 Defendant.

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO F.R.C.P. 55(b)(2) AND LOCAL RULE 55(b)(2)

Dated: New York, New York
       March 16, 2023

                               Respectfully submitted,

                               **PARDALIS & NOHAVICKA, LLP**

                               */s/ Todd B. Sherman*
                               Todd B. Sherman, Esq.  (TS 4031)
                               950 Third Avenue, 11th Floor
                               New York, New York 10022
                               Tel: (212) 213-8511
                               Fax: (347) 897-0094
                               E-Mail: todd@pnlawyers.com
                               *Attorneys for Plaintiff*

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. PROCEDURAL HISTORY ................................................................................................... 2

III. JURISDICTION ................................................................................................................... 3

IV. STATEMENT OF FACTS ................................................................................................... 3

V. LEGAL STANDARD ............................................................................................................ 4

VI. LEGAL ARGUMENT .......................................................................................................... 7

VII. CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

*Cases*

*Au Bon Pain Corp.* v. *Artect, Inc.*

    653 F.2d 61 (2d Cir.1981) ............................................................................................. 5, 6, 7

*Begum* v. *Ariba Disc., Inc.*,

    2015 WL 223780 (S.D.N.Y. Jan. 16, 2015) ............................................................................ 6

*Bleecker* v. *Zetian Sys., Inc.*,

    2013 WL 5951162 (S.D.N.Y. Nov. 1, 2013) ......................................................................... 6

*Cement and Concrete Workers Dist. Council Welfare Fund* v. *Metro Found. Contractors Inc.*,

    699 F3d 230 (2d Cir. 2012) ......................................................................................................... 6

*City of New York* v. *Mickalis Pawn Shop, LLC*,

    645 F.3d 114 (2d Cir. 2011) .................................................................................................... 4, 5

*Credit Lyonnais Sec. (USA), Inc.* v. *Alcantara*,

    183 F.3d 151 (2d Cir. 1999) ...................................................................................................... 6

*Jemine* v. *Dennis*,

    901 F. Supp. 2d 365 (E.D.N.Y. 2012) ...................................................................................... 6

*Mun. Credit Union* v. *Queens Auto Mall, Inc.*,

    126 F. Supp. 3d 290 (E.D.N.Y. 2015) ................................................................................ 5, 7

*S.E.C.* v. *Razmilovic*,

    738 F.3d 14 (2d Cir. 2013) ..................................................................................................... 5, 7

*Transatlantic Marine Claims Agency, Inc.* v. *Ace Shipping Corp., Div. of Ace Young Inc.*,

    109 F.3d 105 (2d Cir. 1997) ...................................................................................................... 6

*Trustees of the Sheet Metal Workers' Intl. Assn. Local Union No. 28 Benefit Funds* v. *Maximum Metal Manufacturers, Inc.*,

    2015 WL 8031380 (S.D.N.Y. Dec. 7, 2015) ......................................................................... 6

*Zhen Ming Chen* v. *Y Café Ave B Inc.*,

    2019 WL 2324567 (S.D.N.Y. May 30, 2019) .................................................................. 5, 6, 7

*Statutes and Regulations*

28 U.S.C. § 1330 .............................................................................................................................. 3

28 U.S.C. § 1603(a) ................................................................................................ 3

28 U.S.C. § 1605 .................................................................................................... 3

28 U.S.C. § 1606 .................................................................................................... 3

28 U.S.C. § 1607 .................................................................................................... 3

28 U.S.C. § 1608(a)(4) ...................................................................................... 2, 3

Fed. R. Civ. P. 8(6)(b) ....................................................................................... 5, 7

Fed. R. Civ. P. 55(a) .......................................................................................... 2, 5

Fed. R. Civ. P. 55(b) .................................................................................. 1, 5, 6, 8

S.D.N.Y. Local Rule 55.2(b) ........................................................................... 1, 8

Plaintiff Daniel Retter ("Mr. Retter" or "Plaintiff"), as trustee on behalf of the Law Offices of Daniel Retter PC Retirement Trust ("Trust"), by and through his attorneys, Pardalis & Nohavicka, LLP, submits this memorandum of law in support of Plaintiff's motion for an Order, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.") and Rule 55.2(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule"), entering a judgment by default against the Defendant Bolivarian Republic of Venezuela ("Republic" or "Defendant"), and granting such other and further relief as the Court deems just and proper.

## I.      PRELIMINARY STATEMENT

Plaintiff seeks a default judgment against Defendant for damages sustained as a direct and proximate result of Defendant's breach of contract in connection with Defendant's failure to pay the outstanding principal and accrued interest currently due and owing on bonds issued by Defendant and held by the Trust. *See* Plaintiff's Amended Complaint (Docket Entry ["DE"] 13), annexed hereto as Exhibit E, at ¶ 1.

The Trust hold bonds issued by Defendant pursuant to a Fiscal Agency Agreement dated July 25, 2001, as amended by Amendment No. 1 on September 19, 2003, Amendment No. 2 on March 25, 2005, and Amendment No. 3 on December 17, 2007 (collectively, "FAA"). *See* Exhibit A; Exhibit E at ¶ 2. Pursuant to the FAA and the bonds' prospectus contract, Defendant was to pay the Trust interest on the bonds semiannually at a fixed rate, as well as outstanding principal due on the bonds in full on the bonds' maturity date. *See* Exhibit E at ¶ 3; Exhibit B at p. 1.

In breach of the FAA and the bonds' prospectus contract, Defendant failed to make principal, interest and/or other payments on the bonds to the Trust. *See* Exhibit E at ¶ 4; Exhibit

A; Exhibit B at p. 1. As a direct and proximate result of Defendant's actions, the Trust was caused to suffer and continue to suffer damages. *See* Exhibit E at ¶ 5.

## II.   <u>PROCEDURAL HISTORY</u>

On October 12, 2020, Plaintiff initiated this action by filing his Complaint against Defendant. *See* DE 1. On February 23, 2021, Plaintiff filed an Amended. *See* DE 13. On October 20, 2022, service of process was effectuated on Defendant via diplomatic note through the United States Department of State in accordance with Section 1608(a)(4) of the Foreign Sovereign Immunities Act. *See* DE 42-43; 28 U.S.C. § 1608(a)(4). Proof of service was duly filed on December 5, 2022. *See* DE 42, annexed hereto as Exhibit H.

At all times, Defendant has failed to appear, answer or otherwise defend this action, and Defendant's time for doing so has since expired. Accordingly, on February 28, 2023, Plaintiff filed a request, pursuant to F.R.C.P. 55(a), for the issuance of a Certificate of Default against Defendant. *See* DE 50-51. On February 9, 2023, the Clerk of Court issued that Certificate of Default. *See* DE 52, annexed hereto as Exhibit I.

In or about August 2021, Plaintiff's counsel's office had a brief telephone conversation with an attorney who represented Defendant in a *separate* action. Said attorney expressly stated that he was *not* retained to represent Defendant in the instant action and that he did *not* represent Defendant in the instant action. At no time did Plaintiff's counsel's office have any other communications, via telephone, email or otherwise, with that attorney. At no time did Plaintiff's counsel's office receive any communications, via telephone, email or otherwise, from anyone purporting to represent Defendant in this action, or otherwise demonstrating any intention to represent and defend Defendant in this action. At no time did Plaintiff's counsel's office receive

any communications, via telephone, email or otherwise, from any individual purporting to be affiliated with Defendant in any capacity.

### III.     JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a) because Defendant is a foreign state, as defined pursuant to 28 U.S.C. § 1603(a), that is not entitled to immunity under 28 U.S.C. §§ 1605-1607 or any applicable international agreement. Pursuant to 28 U.S.C. § 1605(a)(1), Defendant is not entitled to immunity because it has explicitly waived its immunity in this action pursuant to the FAA and the bonds' prospectus contract. *See* Exhibits A-B. Pursuant to 28 U.S.C. § 1605(a)(2), Defendant is not entitled to immunity because this action concerns commercial activity carried on and performed by Defendant in the United States.

The Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1330(b) because the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330(a) and Plaintiff has effectuated service of process pursuant to 28 U.S.C. § 1608(a)(4). *See* DE 42-43. The Court also has personal jurisdiction over Defendant because Defendant regularly conducts business throughout the United States and the State of New York and has consented and submitted to the Court's jurisdiction over it in this action pursuant to the FAA and the bonds' prospectus contract. *See* Exhibits A-B.

### IV.     STATEMENT OF FACTS

On or about May 5, 2017, the Trust purchased Venezuela Government International Bonds, Security No.: P97475AN0 ("Bonds"). *See* Exhibit E at ¶ 15. The Bonds were issued by Defendant with Deutsche Bank Trust Company Americas, formerly Bankers Trust Company, acting as fiscal agent ("Fiscal Agent"). *See id.* at ¶ 16. The Bonds have a total par value of

$180,000, and a coupon rate of 7.75% per annum. *See id.* at ¶¶ 17-18; Exhibit B at p. 1. These Bonds matured on October 13, 2019. *See* Exhibit E at ¶ 19; Exhibit B at p. 1.

The Bonds were issued pursuant to and are governed by the FAA. *See* Exhibit E at ¶ 20; Exhibit A. Pursuant to the FAA and the Bonds' prospectus, Defendant was to pay interest to the Trust, semiannually, on October 13 and April 13 of each year, from the issue date of October 13, 2009, at the rate of 7.750% per annum. *See* Exhibit E at ¶ 21; Exhibit A; Exhibit B at p. 1. In breach of the FAA and prospectus, Defendant and the Fiscal Agent have at all times failed to make any principal, interest or other payments on the Bonds to the Trust. *See* Exhibit E at ¶ 22.

On or about September 30, 2020, Plaintiff mailed a notice of default and demand for payment to Defendant for the principal and all interest accrued on the Bonds from October 13, 2009, said principal and interest being currently due and owing. *See* Exhibit C; Exhibit E at ¶ 23. On or about October 8, 2020, Plaintiff mailed a second notice of default and demand for payment to Defendant and the Fiscal Agent for the principal and all interest accrued on the Bonds from October 13, 2009, said principal and interest being currently due and owing. *See* Exhibit D; Exhibit E at ¶ 24.

At all times, Defendant and the Fiscal Agent have failed to respond to Plaintiff's demands for payment. *See* Exhibit E at ¶ 25. As a direct and proximate result of Defendant's actions, the Trust was caused to suffer and continues to suffer damages. *See id.* at ¶ 26.

## V.   <u>LEGAL STANDARD</u>

F.R.C.P. 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York* v. *Mickalis Pawn Shop*, *LLC*, 645 F.3d 114, 128 (2d Cir. 2011).

Pursuant to F.R.C.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York*, 645 F.3d at 128.

Pursuant to F.R.C.P. 55(b), "the party must [then] apply to the court for a default judgment. . . . The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." This "second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *City of New York*, 645 F.3d at 128.

"By failing to answer the complaint, [the] Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability." *Zhen Ming Chen* v. *Y Café Ave B Inc.*, 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019) (citing Fed. R. Civ. P. 8(b)(6); *S.E.C.* v. *Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013)); *see also Mun. Credit Union* v. *Queens Auto Mall, Inc.*, 126 F. Supp. 3d 290, 295 (E.D.N.Y. 2015) (quoting *Au Bon Pain Corp.* v. *Artect, Inc.*, 653 F.2d 61, 66 (2d Cir.1981)) ("When determining liability from default, a district court should accept as true 'all of the factual allegations of the complaint, except those relating to damages.' . . . [T]he non-defaulting party 'is entitled to all reasonable inferences from the evidence offered.'"). "But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen*,

2019 WL 2324567, at *1 (citing *Jemine* v. *Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp.*, 653 F.2d at 65)).

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker* v. *Zetian Sys., Inc.*, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (*citing Transatlantic Marine Claims Agency, Inc.* v. *Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)); *see also Credit Lyonnais Sec. (USA), Inc.* v. *Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted).

"Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on ... a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum* v. *Ariba Disc., Inc.*, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155). "District courts have 'much discretion' in determining whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by 'detailed affidavits and documentary evidence.'" *Zhen Ming Chen*, 2019 WL 2324567, at *1 (quoting *Cement and Concrete Workers Dist. Council Welfare Fund* v. *Metro Found. Contractors Inc.*, 699 F3d 230, 234 (2d Cir. 2012)); *see also Trustees of the Sheet Metal Workers' Intl. Assn. Local Union No. 28 Benefit Funds* v. *Maximum Metal Manufacturers, Inc.*, 2015 WL 8031380, at *2 (S.D.N.Y. Dec. 7, 2015) (citing  Fed. R. Civ. P. 55(b)(2)) ("[A] hearing is not required where a sufficient basis on which to make a calculation exists.").

## VI.   LEGAL ARGUMENT

As the Defendant has at all times failed to appear, answer or otherwise defend this action, it is deemed to have conceded liability as to all factual allegations set forth in the Plaintiff's Amended Complaint. *See Zhen Ming Chen*, 2019 WL 2324567, at *1 (citing Fed. R. Civ. P. 8(b)(6); *S.E.C.*, 738 F.3d at 19); *see also Mun. Credit Union*, 126 F. Supp. 3d at 295 (quoting *Au Bon Pain Corp.*, 653 F.2d at 66).

Accordingly, as Defendant: (1) entered into a legally valid and binding FAA and Bonds' prospectus contract with the Trust on May 5, 2017; (2) was required, pursuant to the FAA and Bonds' prospectus, to pay interest to the Trust at the rate of 7.750% per annum running from October 13, 2009, through the present and continuing; (3) was required, pursuant to the FAA and Bonds' prospectus, to pay the Trust the Bonds' total par value in the amount of $180,000 on the October 13, 2019 maturity date; and (4) failed to pay the Trust any principal or interest on the Bonds to date, *see* Exhibit E at ¶¶ 3-4, 15, 17-19, 21-22; Exhibit B at p. 1; Exhibit A, the Court should find Defendant liable to the Trust for breach of the FAA and the Bonds' prospectus.

An inquest is not necessary to compute the Trust's damages as the FAA and the Bonds' prospectus contract makes clear that the Trust is entitled to the Bonds' total par value in the amount of $180,000, plus interest at a rate of 7.750% per annum running from October 13, 2009, through the present and continuing in the amount of $187,350.41. *See* Exhibit A; Exhibit B at p. 1. Pursuant to the FAA and the Bonds' prospectus, the Trust is further entitled to post-judgment interest at a rate of 7.750% per annum until the judgment is paid in full. *See* Exhibit A; Exhibit B at p. 1. Plaintiff also requests costs and disbursements incurred in prosecuting this matter in the amount of $4,868.15. *See* Exhibit F.

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order,

pursuant to F.R.C.P. 55(b)(2) and Local Rule 55.2(b), entering a judgment by default against the

Defendant, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
          March 16, 2023

<div align="center" style="margin-left:auto">

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

<u>/s/ *Todd B. Sherman*</u>
Todd  B. Sherman, Esq. (TS 4031)
950 Third Avenue, 11th Floor
New York, New York 10022
Tel: (212) 213-8511
Fax: (347) 897-0094
E-Mail: todd@pnlawyers.com
*Attorneys for Plaintiff*

</div>