UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
DANIEL RETTER,                                                         :
                                                                       :
                              Plaintiff,                               :
                                                                       :      20 Civ. 8495 (JPC)
              -v-                                                      :
                                                                       :      <u>ORDER</u>
BOLIVARIAN REPUBLIC OF VENEZUELA,                                      :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Daniel Retter has moved for default judgment as to Defendant Bolivarian Republic of Venezuela. Dkt. 59. Because Defendant is a foreign state, the Court must apply the default judgment standard set by the Foreign Sovereign Immunities Act ("FSIA"), pursuant to which "[n]o judgment by default shall be entered . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by *evidence satisfactory to the court*." 28 U.S.C. § 1608(e) (emphasis added). Under this standard, "the Court cannot unquestioningly accept a complaint's unsupported allegations as true, but rather the standard must be met through uncontroverted factual allegations which are supported by documentary and affidavit evidence." *Chickpen, S.A. v. Bolivarian Republic of Venezuela*, No. 21 Civ. 597 (AT), 2022 WL 1684275, at *3 (S.D.N.Y. May 26, 2022); *see also Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (noting that "Congress promulgated § 1608(e) to provide foreign sovereigns with the same protections from default judgments that the federal government enjoys under [Rule] 55(e)" and holding that FSIA does not require "evidentiary hearings or explicit findings where the record shows that the plaintiff provided sufficient evidence in support of its claims" such as "in the form of affidavits and exhibits").

Here, Plaintiff's motion for default judgment merely includes a declaration from Plaintiff's counsel, rather than Plaintiff himself. *See* Dkt. 59-1. Moreover, while that declaration attaches relevant documents as exhibits, it does not address any of the factual allegations in the Amended Complaint. Accordingly, at the default judgment hearing, counsel for Plaintiff should be prepared to address whether Plaintiff has submitted sufficient "documentary and affidavit evidence" to show that he satisfies the elements of his breach of contract claim. *See, e.g.*, *Chipckpen*, 2022 WL 1684275, at *3; *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 20 Civ. 8497 (AT), 2021 WL 5322968, at *3 (S.D.N.Y. Oct. 7, 2021). If Plaintiff wishes to submit additional documentary and affidavit evidence such as an affidavit from Plaintiff himself swearing to the factual allegations in the Amended Complaint, he should file a status letter by June 26, 2023, at 5:00 p.m. making such a request, in which case, the Court will adjourn the default judgment hearing currently scheduled for June 27, 2023, and set a schedule for any supplemental submissions.

SO ORDERED.

Dated: June 25, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge